UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANH THI MY DO,<br><br>                           Plaintiff,<br><br>v.<br><br>ORANGE COUNTY SSA, WPD, et al.,<br><br>                           Defendants. | Case No.: 25-cv-1112-RSH-MSB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE; AND**<br><br>**(2) DENYING MOTION FOR LEAVE TO FILE ELECTRONICALLY.**<br><br>[ECF Nos. 1, 2, 4] |

      On May 1, 2025, Plaintiff Hanh Thi My Do, proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983 against the Orange County Superior Court and numerous other defendants. At the time of filing, Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915(a). ECF No. 2.

//

//

## I. MOTION TO PROCEED IFP

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F. 3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff has failed to sign the affidavit in support of the application to proceed IFP. *See* ECF No. 2 at 1. Accordingly, the Court **DENIES** Plaintiff's application to proceed IFP and **GRANTS** Plaintiff thirty days to refile the application with a signed affidavit. *See Gonzalez v. U.S. Customs & Border Prot.*, No. 21-CV-1558 TWR (DEB), 2021 U.S. Dist. LEXIS 174552, at *2 (S.D. Cal. Sep. 13, 2021) (denying without prejudice IFP motion because "[p]laintiff neglected to sign his affidavit under penalty of perjury") (collecting cases).

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A. Legal Standards

When reviewing an IFP application, the Court must also review the underlying complaint to determine whether it may proceed. A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure [("Rule")] 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation omitted).

### B. Plaintiff's Claims

  Plaintiff appears to be pursuing claims for damages pursuant to 42 U.S.C. § 1983 against the Orange County Superior Court, as well as associated entities, for violation of his constitutional rights based on prior legal proceedings. He alleges that "[d]ue to plaintiff's disabilities, defendants had omitted all civil rights procedures leading to[] many serious intentional mistakes in his illegal prosecution, illegal withholding and seizures of housing and education." ECF No. 1 at 4. He also recites, in conclusory terms, that he is the victim of defamation and of medical and legal malpractice. *Id.* Plaintiff has attached to his Complaint a declaration, apparently filed in Superior Court, which contains further allegations, referring to harassment he suffered in a civil suit in Orange County Superior Court, as well as referring to property belonging to Plaintiff in Irvine, California, that was allegedly unlawfully seized. ECF No. 1 at 6.

  "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law."

//

*Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

A municipality may not be vicariously liable under § 1983 for an injury caused by its employee or agent. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, municipalities may be held liable as "persons" under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. Specifically, he must allege: (1) he had a constitutional right of which he was deprived; (2) the County had a policy, pattern, or practice; (3) the policy, pattern, or practice amounts to deliberate indifference to his constitutional right; and (4) the policy, pattern, or practice was "the moving force" or cause behind the constitutional violation. *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021). Local government entities may only be sued under Section 1983 if the alleged constitutional injury was caused by the execution of the entity's policy or custom under *Monell*, and those allegations "must be pleaded with specificity as required under *Twombly* and *Iqbal*." *Galindo v. City of San Mateo*, No. 16-CV-03651-EMC, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016).

Here, construing Plaintiff's pleadings liberally, he has not pleaded facts that plausibly assert a claim for violation of his constitutional rights against the Orange County Superior Court or any other defendants. It may be that Plaintiff has a valid theory to pursue, but at this time he has not articulated facts that allow the Court to conclude that he has stated a claim.

Additionally, Plaintiff does not include sufficient allegations in his Complaint to plausibly assert a *Monell* claim. *Iqbal*, 556 U.S. at 678. The Complaint fails to allege any policy, custom, or practice by the Orange County Superior Court that caused him constitutional injury. *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc) ("[T]he first inquiry in any case alleging municipal liability under § 1983 is . . . whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.") (citing *City of Canton v. Harris*, 489 U.S. 378, 385

(1989)); *see also Byrd v. Apple Inc.*, No. 23-CV-02809-NC, 2023 WL 9233485, at *2 (N.D. Cal. Sept. 5, 2023), report and recommendation adopted, No. 23-CV-02809-PCP, 2023 WL 9233497 (N.D. Cal. Oct. 10, 2023) ("Plaintiff fails to supply facts tying [defendant's] alleged actions to any of these causes of action. Such 'naked assertions devoid of further factual enhancement' do not satisfy Rule 8.") (citing *Iqbal*, 556 U.S. at 678).

To the extent Plaintiff seeks to name as a defendant any party other than the Orange County Superior Court, he has not alleged even in conclusory terms any actions taken by those parties.

C. **Leave to Amend**

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988)). Given that the nature of Plaintiff's allegations is unclear, the Court **GRANTS** Plaintiff leave to file an amended complaint addressing these deficiencies within **thirty days** of this Order.

III. **VENUE**

Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Complaint does not appear to reflect that venue lies in this district, the Southern District of California. The Complaint refers to court proceedings and unlawfully seized property located in Orange County, within the Central District of California. Plaintiff has provided addresses for Defendants in the Central District of California, or in one instance in the District of Arizona.

Plaintiff's amended complaint must also address the basis for venue in the Southern District of California.

### IV. MOTION FOR LEAVE TO FILE ELECTRONICALLY

Plaintiff moves for leave to file electronically using the Court's Case Management/Electronic Case Files ("CM/ECF") system. ECF No. 4. This district's Electronic Case Filing Administrative Policies & Procedures Manual (the "ECF Manual") states that pro se litigants are required to submit and file all documents in paper form, unless the court grants the litigant leave to electronically file. See ECF Manual § 2(b). The ECF Manual states, in relevant part:

> A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual.

*Id.* Here, Plaintiff does not address the requirements set forth above. For that reason, the motion to electronically file [ECF No. 4], is **DENIED** without prejudice.

### V. CONCLUSION

For the above reasons, the Court **DENIES** without prejudice Plaintiff's motion to proceed IFP [ECF No. 2], **DISMISSES** the Complaint [ECF No. 1] with leave to amend, and **DENIES** without prejudice the Plaintiff's motion for leave to file electronically [ECF No. 4]. If Plaintiff wishes to proceed with this lawsuit, he must do the following within ***thirty (30) days*** of the date of this Order: (1) pay the filing fee or file a signed affidavit accompanying his IFP motion, and (2) file an amended complaint curing the deficiencies identified herein, including establishing a basis for venue in this District. Plaintiff's

1  amended complaint must be complete by itself, without reference to his original pleading.
2  If Plaintiff fails to do either of these, the Court will dismiss this action without prejudice.
3      **IT IS SO ORDERED**.
4  Dated:  June 4, 2025

                                         Hon. Robert S. Huie
                                         United States District Judge