UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANH THI MY DO,<br><br>                           Plaintiff,<br><br>v.<br><br>ORANGE COUNTY SSA, WPD, et al.,<br><br>                           Defendants. | Case No.: 25-cv-1112-RSH-MSB<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**<br><br>[ECF No. 7] |

      On May 1, 2025, plaintiff Hanh Thi My Do, proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983 against the Orange County Superior Court and numerous other defendants. At the time of filing, Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915(a). ECF No. 2.

      On June 4, 2025, the Court entered an order (1) denying IFP status without prejudice, on the grounds that Plaintiff failed to sign his financial affidavit; and (2) screening and dismissing the case pursuant to 28 U.S.C. §1915(e)(2)(B), while also granting leave to file an amended complaint.

      On July 3, 2025, Plaintiff filed a renewed motion to proceed IFP accompanied by a signed financial affidavit, and also filed an Amended Complaint. ECF Nos. 6, 7.

As set forth below, the Court grants Plaintiff's renewed IFP motion, but dismisses the Amended Complaint.

**I.    MOTION TO PROCEED IFP**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F. 3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff's renewed IFP motion contains a signed financial affidavit that satisfies the Court that Plaintiff qualifies for IFP status. Accordingly, the Court grants Plaintiff leave to proceed IFP.

**II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**A.    Legal Standard**

When reviewing an IFP application, the Court must also review the underlying complaint to determine whether it may proceed. A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the Federal

2

25-cv-1112-RSH-MSB

Rule of Civil Procedure [("Rule")] 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation omitted).

### B.    The Court's Prior Order

The Court's prior order of dismissal reviewed the allegations and claims in Plaintiff's original complaint, and determined that "construing Plaintiff's pleadings liberally, he has not pleaded facts that plausibly assert a claim for violation of his constitutional rights against the Orange County Superior Court or any other defendants." ECF No. 5 at 4. The Court noted that although the complaint named defendants, alleged some facts, and identified causes of action, it was conclusory in its allegations that his rights had been violated. *Id.* at 3-4. The Court also determined that the complaint failed to state a *Monell* claim against any municipal defendants. *Id.* at 4-5. Finally, the Court raised the question of venue in the Southern District of California, noting that the events of which Plaintiff complained appeared to have taken place in the Central District of California. *Id.* at 5-6.

The Court granted Plaintiff leave to amend his pleading to address the deficiencies identified in the order, and further provided that an amended pleading "must also address the basis for venue in the Southern District of California." *Id.* at 6.

### C.    Plaintiff's Amended Complaint

The Amended Complaint names additional defendants and invokes civil causes of action for violation of due process under 42 U.S.C. § 1983, legal malpractice, medical

3

malpractice, defamation, violation of the False Claims Act, civil fraud, breach of fiduciary duty, and violation of the Americans with Disabilities Act. The Amended Complaint also asserts violations of various federal criminal statutes—such as conspiracy to engage in terrorism, criminal deprivation of civil rights, criminal breach of fiduciary duty or embezzlement, false statements, and falsification of records—which do not give rise to a civil cause of action. "Civil causes of action … do not generally lie under the criminal statutes contained in Title 18 of the United States Code." *Del Elmer, Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997).

As with Plaintiff's original pleading, however, the Amended Complaint does not appear to contain factual allegations establishing a civil cause of action against any named defendant. Some defendants named in the caption are not the subject of any allegations in the body of the Amended Complaint. The Amended Complaint also contains allegations of wrongdoing against various persons who are not named as defendants.

The Amended Complaint contains allegations against the Orange County Superior Court, the Orange County District Attorney's Office, Orange County jails, and the Irvine and Westminster Police Departments in connection with what appears to be a prior arrest or prior criminal case against Plaintiff that he claims was wrongfully pursued, resulting in him being placed in an isolated and cold room during pretrial custody. However, the Court is unable to discern the underlying facts being alleged, let alone conclude that those facts plausibly allege a claim pursuant to 42 U.S.C. § 1983 or any other civil cause of action.

The Amended Complaint also contains what appear to be unrelated allegations against Grand Canyon University, which Plaintiff alleges changed Plaintiff's course grades without an explanation. Plaintiff alleges that Grand Canyon University discriminated against him on the basis of his disability.[1]

Title II of the Americans with Disabilities Act states, "no qualified individual with

---

[1] Plaintiff's original complaint had also named Grand Canyon University as a defendant, but did not include any factual allegations regarding this defendant.

a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To make a prima facie case under Title II, a plaintiff must show: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (internal quotation marks omitted). Although the Amended Complaint properly alleges Plaintiff's disability, it fails to allege non-conclusory facts stating a plausible claim for discrimination on the basis of that disability.

Finally, the Amended Complaint does not plead facts establishing venue in this district. As the Court previously advised, the venue statute provides: "A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b). As far as the Court can discern, the only allegations the Amended Complaint makes in relation to venue is that he is a resident of San Diego, California. This is not sufficient to confer venue. Plaintiff's allegations relating to proceedings or detention in Orange County appear to lay venue in the Central District of California. The Amended Complaint also recites that it relates to "defendants located in California and Arizona," the latter apparently referring to Grand Canyon University. Plaintiff has not established venue in the Southern District of California.

Accordingly, the Court dismisses the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and, consistent with the advisal in the Court's prior order, also dismisses the Amended Complaint for lack of venue in the Southern District of California.

### D. Leave to Amend

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988)). The Court previously granted Plaintiff leave to file an amended complaint curing the deficiencies identified by the Court, including establishing a basis for venue, and advised that if Plaintiff failed to do so the Court would dismiss the action. ECF No. 5 at 6. The Amended Complaint does not cure the deficiencies and the Court concludes that further amendment would be futile. The Court therefore denies leave to amend.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's renewed motion to proceed IFP is **GRANTED**. However, upon determination that the Amended Complaint fails to state a claim and that Plaintiff has failed to establish venue in this District, the Court **DISMISSES** the Amended Complaint without leave to amend. The dismissal is without prejudice.

In light of this disposition, any remaining motions, including Plaintiff's request for a temporary restraining order [ECF No. 3], are **DENIED**.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: July 30, 2025

Hon. Robert S. Huie
United States District Judge